**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BRETT KENDALL FRY.,**<br>Petitioner<br>*v.*<br>**DANIELLA VIKTOROVNA FRY,**<br>Respondent | **CIVIL ACTION**<br>**NO. 26-cv-3469-KSM** |

# MEMORANDUM

**Marston, J.** **August 27, 2026**

Before the Court is Petitioner Brett Kendall Fry's Renewed "Motion for Limited Sealing of Specific Unredacted Fields and for Acceptance of Proposed Public Redacted Copies." (Doc. No. 55.) Following an in-camera review of the documents by the Court, Petitioner's motion to seal will be granted in part and denied in part.

## I. FACTUAL BACKGROUND

Because the Court writes for the benefit of the parties—who are intimately familiar with the issues before us—we give only a brief recitation of the facts. On May 26, 2026, Petitioner initiated the current action by filing a Petition for Return of Minor Children Pursuant to the Hague Convention on the Civil Abduction Remedies Act (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"). (Doc. No. 1.) Four days later, he filed an Amended Petition. (Doc. No. 11.) In his Amended Petition, Petitioner alleges that his wife, Respondent Daniela Viktorovna Fry, wrongfully removed their children, E.G.B.G. and D.A.B.F., from Germany to the United States on May 30, 2025. (Doc. No. 11.) On August 14, 2026, the Court issued a Memorandum denying Petitioner's Amended Petition and holding that, based on

the evidence before the Court, on May 30, 2025, the minor children's habitual residence was the United States. (Doc. No. 49.)

While the Court's August 14, 2026 Memorandum and Order disposed of the substantive issues raised in the Amended Petition, it did not moot Petitioner's request to seal certain documents in this action. Petitioner had filed several documents under seal without following proper sealing procedures (*see* Doc. No. 13, 20, 32, 42), and the Court denied his corresponding motions to seal without prejudice (*see, e.g.*, Doc. No. 45). Petitioner was given the opportunity to file a renewed motion to seal with proposed redactions of his exhibits by August 17, 2026.[1] (Doc. No. 50.) On August 17, 2026, Petitioner filed his renewed motion, which is presently before the Court. (Doc. No. 55.)

[1] The Court's August 14, 2026 Order denying Petitioner's Amended Petition (Doc. No. 50) and allowing him another opportunity to request sealing of certain documents in this action referenced prior Orders of the Court, which outlined the requirements for Petitioner to file a renewed motion to seal (*see id.* (referencing Doc. No. 45, 48)). Specifically, the Court's August 12, 2026 and August 14, 2026 Orders (Doc. Nos. 45, 48) stated that if Petitioner wished to file a renewed motion to seal, he must conduct a document-by-document review for each document that he seeks to seal, explaining for each: (1) why the common law presumption of public access is overcome; (2) whether the First Amendment right of public access is implicated by the use of these documents in the context of his Petition for the Return of Minor Children Pursuant to the Hague Convention and ICARA; and (3) to the extent that the First Amendment is implicated, whether sealing is warranted under a constitutional inquiry. (Doc. No. 45 at 1.) Petitioner was also directed to submit a single chart that lists every document that he wishes to seal and explains why a sealing order is justified for each document. (*Id.* at 2.) The Court further ordered that should Petitioner wish to refile his motion to seal, he must submit an accompanying one-page certification that either (1) his motion was prepared and submitted without the use of artificial intelligence ("AI") tools or (2) if Petitioner used AI tools to prepare his submissions, disclose which AI tool(s) were used, list all prompts and documents that were input into the AI tool(s), and certify that every citation in the motion has been verified by him as authentic and accurate. The certification also required Petitioner's wet signature. (*Id.*)

## II. LEGAL STANDARD

When a party seeks to seal judicial documents, the Court analyzes the motion under both the common law and the First Amendment doctrines[2] of presumptive right of access to the document. *See McCowan v. City of Philadelphia*, No. 19cv03326-KSM, 2021 WL 3737204, at *3 (E.D. Pa. Aug. 24, 2021) (analyzing the parties' motion to seal under both doctrines).

However, the Third Circuit has held that the common law right of access to judicial proceedings and records "is not absolute" and may be rebutted by a showing that an "interest in secrecy outweighs the presumption." *In re Avandia*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs*., 800 F.2d 339, 344 (3d Cir. 1986)). To meet this burden, the party requesting the sealing order must demonstrate that the "material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (quoting *Miller v. Indiana Hosp*., 16 F.3d 549, 551 (3d Cir. 1994)).

In addition to the common law right of access, the public also has a First Amendment right of access in civil trials, which attaches to certain judicial documents. *Id.* at 673. The First Amendment right of access presents an even higher burden than the common law right of access, and the party requesting that trial documents be sealed must overcome strict scrutiny. *Id.* Specifically, the party must demonstrate "an overriding interest in excluding the public based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (cleaned up).

---

[2] While the Court provides the First Amendment standard here, we need not decide if it is implicated in our analysis because Petitioner's documents that don't surpass the common law standard also do not surpass the First Amendment analysis.

Under either the common law or First Amendment standard, when a court analyzes a request for a sealing order, it must do so on a document-by-document basis, and the proponent of the sealing order must articulate with specificity the injury that would result if the particular document or parts of it were made public. *See id.* Parties must do more than merely identify and recite the factors courts consider when reviewing a proposed sealing order. *See id.* at 676–77 ("[T]he *Pansy* factors are not a substitute for the common law right of access standard—which begins with the presumption of access.").[3]

Finally, certain categories of information are required to be sealed under the Federal Rules of Civil Procedure and this Court's local rules. For example, "[p]ersonal identifiers such as Social Security numbers, dates of birth, financial account numbers and names of minor children must be modified or partially redacted in all documents filed either in paper or electronic form." E.D. Pa. L. Civ. R. 5.1.3.

---

[3] In analyzing a motion for protective order under Rule 26(c), the court considers the *Pansy* factors, which ask whether:

1. Disclosure of the information will violate any privacy interests;
2. The information is being sought for a legitimate purpose or for an improper purpose;
3. Disclosure will cause a party embarrassment;
4. Confidentiality is being sought over information important to public health and safety;
5. The sharing of information among the litigants will promote fairness and efficiency;
6. A party benefitting from the order of confidentiality is a public entity or official; and
7. The case involves issues important to the public.

*In re Avandia*, 924 F.3d at 671. Although they provide useful guidance when the court balances the public versus private interests under Rule 26(c), the *Pansy* factors "are not sufficiently robust for assessing the public's right to access judicial records." *Id.* at 676; *see also In re Application of Storag Etzel GmbH*, No. 19cv209, 2020 WL 2949742, at *9 (D. Del. Mar. 25, 2020) ("In both substance and procedure, the burdens that must be overcome to justify the sealing of judicial records under the common law are dramatically less pliant than the factors to be weighed under *Pansy* in deciding whether a protective order is warranted."). And neither the second *Pansy* factor nor the third factor are relevant in deciding whether to enter a sealing order. *In re Avandia*, 924 F.3d at 676–77.

## III. DISCUSSION

The Court has conducted an in-camera review of the relevant documents submitted by Petitioner and finds that a wholesale sealing order is not warranted[4] but that redactions in some documents is appropriate. Conscious that the Court must perform a document-by-document review, the Court directed Petitioner to prepare a chart that identifies each document that he seeks to file under seal, the nature of the information redacted, and the justification for the redaction. (*See* Doc. No. 45.) The Court's review of Petitioner's documents finds that Petitioner seeks to redact the following categories of information: personal identifiers such as social security numbers, dates of birth; financial account numbers; names of minor children; names and contact information of third-party military and medical personnel mentioned in his email correspondence and military records; prescription and medical records of Petitioner; correspondence with German officials; and details of domestic disputes between Petitioner and Respondent. The Court addresses each category in its analysis below.[5]

**<u>First</u>**, throughout his documents, Petitioner seeks to seal personally identifying information about his minor children, including their birth certificates. (*See e.g.*, Doc. No. 55-2

---

[4] With Petitioner's renewed motion, the Court required Petitioner to submit an AI certification describing any assistance of AI that Petitioner utilized to prepare his motion. (Doc. No. 55-6.) Petitioner disclosed to the Court that he had uploaded his redacted documents to non-enterprise versions of Claude and Claude CoWork, products by third-party company Anthropic, in preparing his motion. As such, the Court finds that the full sealing of any document is not appropriate. Documents and information uploaded to Claude are processed on Anthropic's servers, and Anthropic's data privacy and data training pages make clear that such information is not private. *See, e.g.*, Privacy Policy, Anthropic https://www.anthropic.com/legal/privacy (last accessed August 24, 2026); How Do You Use Personal Data in Model Training?, Anthropic, https://privacy.claude.com/en/articles/10023555-how-do-you-use-personal-data-in-model-training (last accessed August 27, 2026); *see also United States v. Heppner*, 820 F. Supp. 3d 292, 296 (S.D.N.Y. 2026) (holding that communications with Claude are not privileged due, in part, to Claude's privacy policy). As such, it would be inappropriate for the Court to seal a document that has already been provided to a private, for-profit research and artificial intelligence company.

[5] The Court's chart in Appendix A of the Court's Order lists each document that Petitioner seeks to seal and identifies whether redactions are appropriate.

at 111.) He also seeks to redact his own social security number, taxpayer-identification number, and his birthdate. The Court finds that redacting this information is consistent with Federal Rule of Civil Procedure 5.2, which provides that redactions of parties or nonparties are appropriate for "(1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individuals birth; (3) the minor's initials; and (4) the last four digits of the financial-account number." Fed. R. Civ. P. 5.2(a). *See also* E.D. Pa. L.R. 5.1.2(12)(b) (requiring redaction of certain personal identifying information, including "[s]ocial security numbers, dates of birth, [and] financial account numbers").

**Second,** Petitioner seeks to redact the names and contact information of third-party military and medical personnel mentioned in his email correspondence and military records who are not parties to this litigation, which the Court finds appropriate. Courts routinely redact the names and contact information for nonparties to a litigation, and here, because these individuals are in the military, the Court finds a heightened privacy interest. *See Wartluft v. Milton Hershey Sch. & Sch. Tr.,* No. 16cv2145, 2020 WL 1124771, at *7 (M.D. Pa. Mar. 6, 2020) ("We agree with MHS that all names of nonparties should be redacted, and to the extent that these redactions cover the names, addresses, and family information of nonparties, we will sustain these redactions.") The personal identifying information of nonparties is precisely "the kind of information that courts will protect." *See id.* (granting intervenor's motion to unseal judicial records, "subject to the redaction of the names and/or identifying information of third parties in order to protect those individuals' privacy interests"). Disclosure of this information "will work a clearly defined and serious injury" to the privacy interests of nonparties in the military who are referenced in connection with the Fry family's martial issues. *See Wartluft*, 2019 WL 5394575, at *7 ("[W]hile we will provisionally grant the motion that these documents be unsealed, we will

also direct the defendants redact the names or other identifying information within these documents concerning these nonparties to protect those third-party privacy interests . . . ."); *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.,* No. 20cv4660-KSM, 2023 WL 1100995, at *5 (E.D. Pa. Jan. 30, 2023) (allowing redactions of Plaintiff's daughter's name where it was "referenced in connection with particularized, sensitive . . . information."). And under the First Amendment, the Court finds that allowing redactions of the names and personally identifiable information of these individuals, such as emails, only marginally affects the public's right to access filed materials filed in relation to judicial proceedings. *See Mosaid Tech. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510 (D. Del. 2012) (allowing redactions where the information is "largely incidental to the substantive issues in this case"); *McCowan*, 2021 WL 3737204, at *4 ("Given the collateral nature of [personal identifying information included in a police report], its redaction only marginally affects the public's right to access materials filed in relation to judicial proceedings."). As such, the Court determines that redacting this information is the least restrictive means available to protect the privacy interests at stake. *Del Nero*, 2021 WL 2375892, at *2 ("[W]here possible, parties should propose redactions, rather than placing a whole document under seal.")

**Third,** the Court also finds that limited redactions related to Petitioner's own medical records are acceptable. In the Court's August 12, 2026 Order denying Petitioner's motion to seal his July 24, 2026 letter to Chambers and exhibits A through C (*see* Doc. Nos. 29, 37), the Court wrote that "[i]f Petitioner is uncomfortable with references to his specific health conditions appearing on the docket [] he may redact this information." (Doc. No. 37 at 4.) In Petitioner's renewed motion to seal (Doc. No. 55), the Court finds that redactions as to his health conditions

(*see, e.g.*, Doc. No. 55-2 at 3) and prescription information are appropriate.[6] (See Doc. No. 55-2 at 148.) *Johnson v. Hastings*, No. 13cv6974, 2018 WL 621289, at *3 (D.N.J. Jan. 30, 2018) ("Plaintiff's right to privacy in his medical records outweighs the public right to access documents containing intimate facts of a personal nature." (internal citations and quotations omitted)). This is "the kind of information that courts will protect." *See Wartluft*, 2019 WL 5394575, at *3 (granting intervenor's motion to unseal medical records, "subject to the redaction of names and/or identifying information of third parties in order to protect [nonparty] individuals' privacy interests").

For those reasons, Petitioner's motion to seal is granted with respect to the redactions of any personal identifying information of Petitioner's children and his own personal identifiable information covered by Federal Rule of Civil Procedure Rule 5.2, the names and contact information for military and medical professionals mentioned in his exhibits, and his sensitive medical information.

However, the motion to seal is denied with respect to redactions of:

- Petitioner and Respondent's personally identifying information such as addresses, names, phone numbers, and email addresses;
- References to Petitioner and Respondent's spousal relationship;
- Petitioner's correspondence with the German officials related to his Hague claim;[7]

[6] As the Court more fully describes in Appendix A, it is not appropriate for Petitioner to wholesale seal his APAP and INAP device prescriptions with a summary overview page. (*See* Doc. No. 55-2 at 147.) Instead, redactions limited to his conditions and prescription dispensing information are appropriate.

[7] On August 12, 2026, the Court explained that it is inappropriate for Petitioner to seal his email correspondence with the German Central Authority. (Doc. No. 37 at 3.) These documents are identified by the German Central Authority as "unclassified." (Doc. No. 20 at 8.) And Petitioner has not provided a strong basis to rebut the public nature of these communications.

- Petitioner's application information related to his job search;[8] and
- References to Petitioner's grandfather being ill.[9]

In short, the justification for sealing the names and identifying information of nonlitigants and Petitioner's children—discussed at length above—cannot apply with equal force to documents discussing the parties and the substantive issues in the action before the Court. It would be particularly inappropriate to seal the full addresses of the parties and those documents discussing their spousal relationship. (*See* Doc. No. 49.)

Starting with Petitioner and Respondent's addresses, which appear throughout Petitioner's exhibits, the Court disagrees with Petitioner that "exact home locations. . . add[ ] no adjudicative value." (Doc. No. 55 at 27.) Just the opposite; Petitioner's home address leading up to this litigation directly bears on the substantive issue that was before the Court, the habitual residence of two of Petitioner's minor children on May 30, 2025. (Doc. No. 49.) As such, the Court finds that full redaction of Petitioner and Respondent's home addresses would serve an "improper purpose," *see In re Avandia*, 924 F.3d at 671, by denying the Court an opportunity to properly consider the family's locations leading up to May 30, 2025. This purpose weighs more heavily toward disclosure than Petitioner's vague fear of "residential-security risks." (Doc. No. 55 at 21.) *See Goldstein v. Forbes (In re Cendant Corp)*, 260 F.3d 183, 192–93 (3d Cir. 2001) ("Broad allegations of harm, bereft of specific examples or articulated reasoning, are

---

[8] Petitioner's job search involved publicly available job titles and information, and it is not appropriate to seal information that has already been made public for applicants. *Janssen Products, L.P. v. Lupin Ltd.*, No. 10cv05954, 2014 WL 956086, at *3 (D.N.J. Mar. 12, 2014) ("It is well established that once confidential information has been published, it is no longer confidential . . . . [B]ecause the information has been made publicly available — and indeed remains publicly available — the Court does not have the power even if it were of the mind to use it, to make what has thus become public private again." (cleaned up)).

[9] Because Petitioner's grandfather is now deceased, he cannot assert any corresponding injury through the disclosure of this information. (*See* Doc. No. 42-4.)

insufficient."). As such, Petitioner must unredact his address and Respondent's address in all of his exhibits. To protect his privacy, he may redact only the *specific house number* on these addresses. The street, state, and country must be unredacted.[10]

Next, the Court finds no basis to redact references to the breakdown of the relationship and domestic issues between Petitioner and Respondent (*see, e.g.*, Doc. No. 22, 23, Exhibit A – Army FAP Memorandum), which Petitioner himself labels as both "contested, and collateral allegations" (Doc. No. 55 at 203). But regardless of how he labels it, information discussing the parties' relationship between January 2025 and May 2026, when this action was filed, is not "the kind of information that courts will protect," nor has he shown "that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia*, 924 F.3d at 672 (quoting *Miller*, 16 F.3d at 551).

## IV. CONCLUSION

For the reasons discussed above, Petitioner's motion to seal is granted in part and denied in part. An appropriate order follows which contains Appendix A that lists each document that Petitioner seeks to seal and identifies which redactions are appropriate for each.

---

[10] As for Petitioner's email address and phone numbers, the Court does not agree that they can be described as "confidential" given that he has already provided this information to the Court and it is available on his state court public filings. *See Janssen Prods., L.P.*, 2014 WL 956086, at *3 ("It is well established that once confidential information has been published, it is no longer confidential. . . . [B]ecause the information has been made publicly available — and indeed remains publicly available — the Court does not have the power even if it were of the mind to use it, to make what has thus become public private again." (cleaned up)).